1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| XIAO XIAO ZHOU,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>CHANGPENG ZHAO, and BINANCE,<br><br>　　　　　　　Defendants. | CASE NO. 2:24-cv-01489-KKE<br><br>ORDER TRANSFERRING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA |

Plaintiff Xiao Xiao Zhou filed an application to proceed *in forma pauperis* ("IFP") and a proposed complaint, naming Changpeng Zhao and Binance as Defendants.  *See* Dkt. Nos. 1, 8. For the reasons below, the Court finds Plaintiff seeks to commence legal action in the wrong federal district and accordingly transfers this matter to the Central District of California.

Plaintiff alleges he or she is a resident of Guangdong, China, that Zhao is a Canadian citizen residing in San Pedro, California, and that Binance was incorporated in the Republic of Malta, or under the laws of "Seychelles."  Dkt. No. 1-1 at 2, 4.  Plaintiff seeks compensation from Defendants for "transaction losses" that occurred in July and August 2021 when Plaintiff lived in Chongqing, China, and Zhao lived in Singapore.  *Id.* at 5.  Plaintiff alleges Binance engaged in business "all over the world" during this time.  *Id.*

These allegations indicate that this Court lacks jurisdiction over the Defendants and/or that

ORDER TRANSFERRING CASE TO THE
CENTRAL DISTRICT OF CALIFORNIA - 1

the Western District of Washington is the improper venue in which to file suit.  This Court lacks general or specific jurisdiction because the complaint does not show Defendants are domiciled in the Western District of Washington, or that the alleged transaction losses were caused when Defendants purposefully directed financial transactions to the Western District of Washington that allegedly resulted in Plaintiff's losses.  Venue is lacking because the Defendants do not reside in the Western District of Washington and there is nothing showing a substantial part of the acts alleged in the complaint occurred in this district.

While it is unclear whether any federal district has jurisdiction over this matter, Plaintiff does allege Zhao resides in San Pedro, California, a city within the boundaries of the Central District of California.  When a case is filed in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  As the Central District of California appears to be the only federal district with any connection to this case, the Court finds it appropriate to transfer this matter to that district.

The Court has not reviewed the merits of Plaintiff's IFP application or the complaint and transfers this case to the Central District of California so that it may review both the IFP application and the complaint under its own requirements.

//

//

//

//

//

//

ORDER TRANSFERRING CASE TO THE
CENTRAL DISTRICT OF CALIFORNIA - 2

1    Accordingly, the Court TRANSFERS this matter to the United States District Court for the

2    Central District of California.  The Clerk is directed to take the steps necessary to transfer this

3    case.  A copy of this order shall be provided to Plaintiff.

4    DATED this 11th day of October, 2024.

5

6

7    Kymberly K. Evanson
     United States District Judge

ORDER TRANSFERRING CASE TO THE
CENTRAL DISTRICT OF CALIFORNIA - 3